IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 14, 2007 Session

# IN RE: CONSERVATORSHIP OF GLADYS R. BURCHARD, AND PUBLIC GUARDIAN FOR THE ELDERLY, AS CONSERVATOR FOR GLADYS R. BURCHARD, v. RALPH O. BURCHARD

Direct Appeal from the Chancery Court for Hamilton County, Part I
No. 04-G-128     Hon. W. Frank Brown, III., Chancellor

No. E2006-01252-COA-R3-CV  - FILED JUNE 7, 2007

Petitioner intervened in this action, averring that the conservator for her mother had died and asked that she be appointed conservator of her mother.  The Trial Court appointed a successor conservator and ruled that petitioner had no standing to contest the conservatorship and to be appointed conservator since she was a non-resident of the State.  On appeal, we affirm the Judgment of the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Debra J. Lanthripp, *pro se*, Trenton, Georgia, appellant.

Jerre B. Mosley, Chattanooga, Tennessee, for Conservator.

## OPINION

### Background

This conservatorship originated when Ralph Burchard, the husband of Gladys Burchard, filed a Petition on August 11, 2004, seeking appointment of a conservator for his wife, alleging that she was unable to care for herself and her financial affairs.

On August 27, 2004, the Trial Court entered an Order finding that Mrs. Burchard was

disabled and appointed Darlene Burnette, Public Guardian for the elderly, as her conservator with instructions for the management of her ward.

On October 14, 2004, the Burchards filed a Petition for Termination of the Conservatorship, alleging that Mrs. Burchard had been placed in an assisted living facility, and that she had not been properly cared for. During the pendency of this matter, Debra Lanthripp (Mrs. Burchard's daugher), appellant herein, filed a Motion for Substitution of Conservator, suggesting that Darlene Burnette, Public Guardian and Conservator for Mrs. Burchard, had died and asking that Mrs. Lanthripp be named Conservator.

Subsequently, the Court entered a Memorandum Opinion and Order and noted that there was also a lawsuit pending regarding ownership of the large annuity which the Conservator claimed was bought with the proceeds of the sale of real estate that was titled solely to Mrs. Burchard. The Court stated that Mr. Byrd, Mr. Burchard's former attorney, was seeking payment of his legal fees from the assets of the conservatorship, related to his representation of Mr. Burchard in both this action and the other action regarding the annuity ownership. The Court held that in order to allow the payment of such fees, pursuant to Tenn. Code Ann. §34-1-113, the Court had to find that the representation protected and benefitted Mrs. Burchard or her property or that payment of the fees was in her best interests. The Court found that neither was true in this situation, and denied payment of Mr. Byrd's fees.

The Court then entered an order on March 14, 2006, which was based upon the parties' agreement, and involved both lawsuits. The Court ordered the annuity case would be settled by awarding one-half of the annuity to Mr. Burchard and one-half to Mrs. Burchard. The Court ordered the real estate would be sold, and that 3/4 of the proceeds would go to Mrs. Burchard and 1/4 to Mr. Burchard. The Court denied the Motion to Terminate Conservatorship, and reserved the Motion for Substitution of Conservator. The Court also declared a quitclaim deed executed by Mrs. Burchard on January 13, 2006, null and void, since she was under a legal disability.

On May 12, 2006, the Court entered a Memorandum Opinion, wherein the Court stated that Mrs. Burchard's conservator and guardian ad litem, as well as Mr. Burchard's attorney, advised the Court that they had settled all the issues, but the children did not agree. These parties had submitted an Order which the Judge signed, but the children did not agree, and filed a Motion to set aside the Order. The Court stated that a hearing was held on May 8, 2006, on the Motion to Set Aside and the Motion seeking to substitute Ms. Lanthripp as conservator for her mother. The Court stated that the Burchards had raised an issue regarding whether the children had any standing. The Court found that based on this Court's ruling in *In re Conservatorship of Groves*, 109 S.W.3d 317 (Tenn. Ct. App. 2003), the children had no present property rights in the property belonging to the Burchards, and thus had no standing to object to the agreement reached between the Burchards regarding their property. The Court said the agreement between the Burchards regarding their property was reasonable, left the annuity jointly titled as the parties established it, left the home place titled to Mrs. Burchard as it was originally, and provided for the home place to be sold with 3/4 of the proceeds to Mrs. Burchard and 1/4 of the proceeds to Mr. Burchard. The Court said this was fair

in that Mrs. Burchard owned the property before the parties' marriage, but Mr. Burchard had paid most of the taxes, insurance, repair and maintenance on the home during the parties' 28-year marriage. Mr. Burchard surrendered any interest in other properties owned by Mrs. Burchard in Georgia and Florida, and withdrew his Petition to Terminate Conservatorship.

The Court found that the settlement was in Mrs. Burchard's best interests, ended a contentious and expensive litigation, and would therefore preserve the parties' limited estates. The Court then issued Letters of Conservatorship to the new Public Guardian, Paul Burke, II.

The Court found that pursuant to Tenn. Code Ann. §34-3-108, a conservator can be discharged for certain specific reasons, including the respondent is no longer disabled, the best interests of the respondent require the conservatorship to be terminated, the conservator has failed to perform her duties, or the conservator has failed to act in the ward's best interests. The Court found that Ms. Lanthripp did not allege any of these reasons in her Petition, and that, in fact, statutory grounds did not exist to remove the public guardian as conservator.[1] The Court characterizes Ms. Lanthripp's Petition as basically alleging that the office of conservator was vacant and no one was representing her mother's interest, which was not the case.

Next, the Court found that based on Ms. Lanthripp's actions, appointing her as conservator would not be in her mother's best interests, because she objected to the settlement, which would lead to continued litigation and financial destruction of both of the Burchards' Estates, and by seeking to have her mother removed from assisted living and brought home, would not be in Mrs. Burchard's best interests. Finally, the Court said that Tenn. Code Ann. §35-50-107(a)(1) prohibits Ms. Lanthripp from serving as conservator, since she was not a resident of Tennessee, and there was no reason to split the conservatorship duties in this case.

Thereafter, the guardian ad litem, and the attorney for the conservator, filed fee requests and itemized statements of time expended. Responding to these requests, the Court granted fees and expenses to Mr. Mosley of $12,096.00, and to Ms. Norwood $8147.72, to be paid by the estate. Ms. Lanthripp appealed and raises these issues:

1.      Whether the Trial Court erred in finding that Ms. Lanthripp had no standing?

2.      Whether the settlement agreement and fee awards are equitable?

---

[1]**34-3-108, Discharge of conservator - Modification of duties - Termination - Final accounting and distribution of assets.** - (a) A conservator appointed under this chapter may be discharged or have its duties modified if the court determines that the respondent is no longer a disabled person, or that it is in the best interests of the disabled person that the conservatorship be terminated, or that the conservator has failed to perform its duties and obligations in accordance with the law, or that the conservator has failed to act in the disabled person's best interest so as to warrant modification or termination. The disabled person or any interested person on the disabled person's behalf may petition the court at any time for a termination or modification order under this section.

3.    Whether Ms. Lanthripp qualifies to be conservator for Mrs. Burchard?

**Discussion**

In order for Ms. Lanthripp to have standing in this proceeding, she was required to demonstrate that she "sustained distinct and palpable injury, that the injury was caused by the challenged conduct, and that the injury is apt to be redressed by a remedy that the Court is prepared to give. *Metro. Air Research Testing Authority, Inc. v. Metro. Gov't of Nashville and Davidson County,* 842 S.W.2d 611, 615 (Tenn. Ct. App. 1992)(citations omitted).

Ms. Lanthripp cannot show such an injury in this case.  She admits in her brief that she is seeking only to keep the conservator from "giving away" her mother's property by agreeing to the settlement which awards portions of the annuity and home place to Mr. Burchard.  Since Ms. Lanthripp has no property interest at issue, she has suffered no injury by the settlement and division of assets contained therein.  We held in *Groves* that someone who would eventually inherit from the ward had no standing to contest deeds executed by the ward conveying property to someone else. *Groves*, 109 S.W.3d 317 (Tenn. Ct. App. 2003).  We affirm the Trial Court's ruling on this issue.

Ms. Lanthripp asserts that the settlement is inequitable to her mother, and that it was unfair to award fees to Ms. Norwood, the guardian ad litem, and fees to Mr. Mosley for his representation in the lawsuit regarding the annuity, because his actions ultimately did not benefit Mrs. Burchard.  However, Ms. Lanthripp lacks standing to contest the settlement, or any award of fees from her mother's estate, due to her lack of interest therein.

Assuming *arguendo* that Ms. Lanthripp did have standing, she did not show the settlement or fee awards to be inequitable.  The settlement that was reached between the guardian ad litem, counsel for Mr. Burchard and counsel for the conservator splits the jointly-held annuity 50/50, and provides that when the home place is sold, Mr. Burchard will receive 1/4 of the proceeds, and Mrs. Burchard will get the rest.

There was no evidence demonstrating that the division was inequitable.  It was alleged that Mr. Burchard would inherit Mrs. Burchard's entire estate if he survived her, but he relinquished those claims, as well as any claim to other property that she solely owned, and the deed Mrs. Burchard signed conveying the home place to both parties was voided.  We agree with the Trial Court that the settlement is well-reasoned and equitable, benefits Mrs. Burchard and her Estate, avoids needless litigation and such expenses.  We note that Tenn. Code Ann. §34-1-121(b) allows the court to approve a settlement regarding the ward's property in a conservatorship proceeding if the court deems it to be in the ward's best interests.

With regard to the fee awards, the Court approved the reduced fee awards as reasonable, and beneficial to Mrs. Burchard and her Estate.  The Court considered the factors contained in Tenn. Sup. Ct. R. 8, RPC 1.5, and noted that both lawyers had excellent reputations,

were experienced in this type of work, and the Court reduced the fees out of concern for depleting Mrs. Burchard's limited estate. We affirm the Trial Court on the issue of reasonableness of the fees.

Finally, Ms. Lanthripp asserts that she should have been given an opportunity to present evidence regarding whether she should have been appointed conservator for her mother, and that pursuant to Tenn. Code Ann. §35-50-107(a)(2)(F), she could serve as conservator of the person for her mother, although she is a non-resident. In Ms. Lanthripp's Motion, she simply suggested the death of Mrs. Burnette, and asked to be substituted as conservator, and did not raise any issue either in her Motion or at the hearing to suggest that she was asking the Court to remove the Public Guardian due to any neglect of her mother, and she cannot raise this issue now on appeal. Tenn. R. App. P. 36.

While Ms. Lanthripp is correct in that she could serve as conservator of the person for her mother if another resident fiduciary was appointed as conservator of the property, the Court held there was no reason to split the conservatorship duties in this case. The Court by implication found that it would not be in Mrs. Burchard's best interests for appellant to be appointed her conservator, and the evidence supports this conclusion.

Ms. Lanthripp, in her reply brief, attaches what purports to be an Order of the Court based on the hearing on December 18, 2006, wherein the Court allowed the Public Guardian for the Elderly program to resign as conservator, and appointed Ralph Burchard and Awilda Keyt as co-conservators of Gladys Burchard. This is not an issue in this record and may not be raised by the appellant on appeal.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Debra J. Lanthripp.

_____
HERSCHEL PICKENS FRANKS, P.J.